# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

      Debtor.

Case No. 18-50378
Chapter 11

---

ERP IRON ORE, LLC,

      Plaintiff,

v.

Hammerlund Champion Steel, Inc.; Hammerlund Construction, Inc.; WESCO Distribution, Inc.; Toltz, King, Duvall, Anderson and Associates, Incorporated; Trane US, Inc.; Ulland Brothers, Inc.; Brock White Company LLC; General Waste Disposal and Recovery Services, Inc.; Ferguson Enterprises, Inc.; Precision Testing, Inc.; Rapids Process Equipment, Inc.; Minnesota Industries, Inc.; Noramco Engineering Corporation; Viking Electric Supply, Inc.; Parsons Electric LLC; Hunt Electric Corporation; The Jamar Company; LeJeune Steel Company; United Rentals (North America), Inc.; AW Kuettel & Sons; Ironman Concrete Pumping, Inc.; JK Mechanical Contractors, Inc.; John J. Morgan Company; K Building Components, Inc.; Northern Industrial Erectors, Inc.; Range Electric, Inc.; Scheck Industrial Corporation; Liquidity Solutions, Inc.; Wilmington Savings Fund Society, FSB; and Progress Rail Leasing Corporation,

      Defendants.

Adversary Proceeding No. 18-_____

## COMPLAINT

For its Complaint, Plaintiff states as follows:

## JURISDICTION

1. This is an adversary proceeding brought by the Debtor against the Mechanic Lien Claimants[1] (i) to determine the validity, priority and extent of their alleged lien claims (collectively the "Lien Claims") in Debtor's assets (including Plant 4 (as defined below)); and (ii) to adjudicate the validity, priority and extent of any liens and claims concerning the Debtor's assets that are the subject of the Liens.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157, 1334(b) and 2201.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. The defendants ("Mechanic Lien Claimants") other than Wilmington Savings Fund Society, FSB ("WSFS") and/or Progress Rail Leasing Corporation ("Progress") have asserted statutory mechanic's/miner's liens, mortgage rights and security interests on Plant 4. The Mechanic Lien Claimants do not hold a security interest in Debtor's personal property.

6. Progress and WSFS assert security interests in all or certain real estate and personal property at Plant 4, including fixtures and/or trade fixtures, and the Debtor understands they assert or may assert their claims and security interests have lien and/or payment priority over the Liens and Mechanic Lien Claimants.

---

[1] See Schedules (Docket No. 99) for description of Plant 4.

## **CHAPTER 11 PROCEEDINGS**

7. On May 25, 2018 (the "Petition Date"), an involuntary petition was filed against Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (the "Court") commencing this case. On July 16, 2018, Debtor filed a Consent to Order for Relief and on July 17, 2018, a Conversion of Case pursuant to sections 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1, converting the case from a case under chapter 7 of the Bankruptcy Code to a case under chapter 11 of the Bankruptcy Code.

8. The Debtor's primary assets consist of (i) the plants located in Itasca County, Minnesota and a plant located in Reynolds, Indiana, (ii) a rail loadout facility in Itasca County, Minnesota, and (iii) the related equipment.  The Debtor is also party to a significant number of executory contracts (See Schedule G to the Debtor's schedules filed in this case [Docket No. 99]).

9. Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

10. An Official Committee of Unsecured Creditors was appointed in this Bankruptcy Case but was subsequently disbanded.

11. The Debtor currently seeks authority to sell its property in Indiana other than land and to sell its Minnesota assets (but not contracts or leases).

12. WSFS and Progress generally support the Debtor's proposed sales.

13. Certain of the Mechanic Lien Claimants object to the proposed sales.

14. The Mechanic Lien Claimants assert extremely broad liens in the Debtor's assets, including all fixtures, trade fixtures and equipment affixed to the real property.

15. The Mechanic Lien Claimants have sought to foreclose their lien rights but the matter has been stayed in Itasca County court and never progressed beyond filing of a complaint.

16. The Debtor believes the stated lien amounts (and underlying claims) of the Mechanic Lien Claimants are overstated, include claims arising from improvement of property other than Plant 4 and were not properly preserved or perfected.

17. To the extent valid, the Debtor disputes the scope and extent of the Mechanic Lien Claimants' Liens.

18. As such, the Mechanic Lien Claimant's Liens and underlying claims are the subject of bona fide disputes.

19. A determination of the competing interests in the Debtor's property is necessary to determine allocation of Minnesota asset sale proceeds.

## COUNT ONE
### (Determination of the Validity, Priority and Extent of Alleged Liens and Claims)

20. Plaintiff realleges paragraphs 1 through 19 of this Complaint.

21. This is an adversary proceeding brought pursuant to Rules 3007(b) and 7001(2), (8) and (9), Federal Rules of Bankruptcy Procedures, "to determine the validity, priority, or extent" of the Mechanic Lien Claimants' claims and interest in the Debtor's property.

22. The Debtor believes the Mechanic Lien Claimants claims' are overstated, and the Mechanic Lien Claimants have not satisfied Minnesota statutory requirements for establishment and enforcement of mechanic's/miner's liens.

## COUNT TWO
### (Declaratory Relief Concerning Scope, Extent and Priority of all Lien Claimants)

23. Plaintiff realleges paragraphs 1 through 22 of this Complaint. An actual controversy exists regarding the nature, validity and extent of the Mechanic Lien Claimants Liens and claims, and therefore WSFS and Progress liens and security interests in some of the same equipment.

24. Debtor seeks a declaratory judgment determining the Defendants' relative rights and interests in the Debtor's assets that are the subject of the Liens, including the scope, extent and priority of any alleged security interests.

## COUNT THREE
### (Objection to Certain of Defendant's Claims)

25. Plaintiff realleges paragraphs 1 through 24 of this Complaint.

26. Debtor hereby objects to the claims of the Mechanic Lien Claimants (Claim Numbers 4, 7, 10, 14, 17, 24, 29, 30, 41, 42, 43, 44 and 45) to the extent that they overstate the extent of their liens (if any) or the amounts asserted.

WHEREFORE, Plaintiff requests judgment to determine if the Mechanic Lien Claimants have liens and claims, the scope and priority of such liens and claims, if any, and the interests of WSFS and Progress in real and personal property that are the subject of the liens, to disallow the Mechanic Lien Claimant's claims to the extent they overstate the total claim or the value of any collateral alleged and such further relief as the Court deems proper.

Dated: November 16, 2018

RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/ *Will R. Tansey*
    Will R. Tansey #323056

150 South Fifth Street, Suite 3450
Minneapolis, MN 55402
Telephone:    (612) 332-8511
Facsimile:    (612) 332-8302

ATTORNEYS FOR PLAINTIFF